[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 07-15690
Non-Argument Calendar

----------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 29, 2008
THOMAS K. KAHN
CLERK

BIA Nos. A79-489-088 & A79-483-769

MARLEN ROSMIRA PEREZ,
MARIA ANGELICA CASTRO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------------------------

**(October 29, 2008)**

Before EDMONDSON, Chief Judge, ANDERSON and PRYOR, Circuit Judges.

PER CURIAM:

Marlen Rosmira Perez and her daughter Maria Angelica Castro[1], natives and citizens of Colombia, petition for review of the affirmance by the Board of Immigration Appeals ("BIA") of the decision of the Immigration Judge ("IJ"). The decision denied asylum and withholding of removal.[2] No reversible error has been shown; we deny the petition.

We review the BIA's decision in this case because the BIA did not expressly adopt the IJ's decision. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001) (noting that we review the BIA's decision; but "[i]nsofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well"). We review the BIA's legal determinations de novo. Id. Factual determinations are reviewed under the "highly deferential" substantial evidence test; and we must "affirm the . . . decision if it is supported by reasonable, substantial, and probative evidence on the record considered as whole." Forgue v. U.S. Attorney Gen., 401 F.3d 1282, 1286 (11th Cir. 2005) (internal citation omitted). Therefore, a finding

---

[1]Perez included her daughter as a derivative beneficiary in her asylum application; so our decision about Perez also applies to her daughter.

[2]The decision also denied relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment. But on appeal, Perez does not offer argument on this claim; and thus, it is abandoned. See Sepulveda v. U.S. Attorney Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (explaining that petitioner abandons an issue by failing to offer argument on that issue).

of fact will be reversed only when the record compels, instead of merely supports, a reversal. Alim v. Gonzales, 446 F.3d 1239, 1254 (11th Cir. 2006).

An alien may obtain asylum if she is a "refugee," that is, a person unable or unwilling to return to her country of nationality "because of persecution or a well-founded fear of persecution on account of" a protected ground, including political opinion or membership in a particular social group. 8 U.S.C. §§ 1101(a)(42)(A); 1158(a)(1), (b)(1). The asylum applicant bears the burden of proving statutory "refugee" status with specific and credible evidence. Forgue, 401 F.3d at 1286-87.

Here, Perez claimed that she was persecuted by the Revolutionary Armed Forces of Colombia ("FARC") because of her political opinion and her membership in a particular social group. Her problems with the FARC began when she sold a farm she had inherited from her parents to the government. She had abandoned the farm because she was living in Bogota, and the FARC apparently had taken over the farm because of its location, which allowed for an unobstructed view of the neighboring town. After the sale, she had a face-to-face encounter with a FARC member at the farm; the member threatened her because she had taken the farm from them and opposed the FARC's ideals.

Perez also claimed persecution because of her membership in "Atardecer" (Sunset) -- a group of about 100 members that encouraged displaced farmers and

3

their children in the Bogota area to continue farming instead of joining guerilla forces. The group met about once a week at a local church. The FARC became aware of Atardecer and started threatening its members. Perez had a second face-to-face meeting with a FARC member after an Atardecer meeting, where the member told her to stop attending the meetings and that she should not advocate ideas favorable to the government. Perez also testified that she received at least eight letters and two to three phone calls a week for over five years from the FARC threatening her and telling her to leave Atardecer.

To avoid the threats, Perez moved to a remote location. But the FARC still sent her a death threat letter at this location. The night she received the letter, the FARC bombed the mayor's office and the police station in the town. This incident prompted her to leave Colombia for the United States.

The IJ determined that Perez had not met her burden of proof in establishing eligibility for asylum or withholding of removal. The BIA agreed, noting that the harassment and intimidation Perez endured at the hands of the FARC did not rise to the level of persecution.[3]

---

[3]The IJ also denied Perez's asylum application on credibility grounds. The BIA determined that the IJ's adverse credibility determination was not clearly erroneous, but also determined that, even if Perez was credible, she still failed to establish eligibility for relief. Because the BIA denied Perez's application for reasons other than credibility and we deny the petition for those reasons, we need not address the adverse credibility determination. Yang v. U.S. Attorney Gen., 418 F.3d 1198, 1201 (11th Cir. 2005) (explaining that we will assume adverse credibility determinations are not

On appeal, Perez argues that she suffered past persecution and demonstrated a well-founded fear of future persecution because of her political opinion and membership in Atardecer. After review, we conclude that the evidence does not compel the conclusion that Perez was entitled to asylum. We have explained that persecution is an "extreme concept, requiring more than a few isolated incidents of verbal harassment and intimidation"; and "mere harassment does not amount to persecution." Sepulveda, 401 F.3d at 1231 (citation and internal quotation omitted). The threatening phone calls, letters, and two face-to-face encounters with the FARC alleged by Perez do not rise to the level of past persecution, no matter whether the FARC's acts were because of Perez's political opinion or membership in Atardecer; in addition, Perez testified at her asylum hearing that she never was arrested or jailed or physically harmed by the FARC. Cf. Delgado v. U.S. Attorney Gen., 487 F.3d 855, 859, 861-62 (11th Cir. 2007) (record compelled a finding of past persecution where petitioners were threatened at gunpoint, one was severely beaten until he was nearly unconscious, and brakes on one petitioner's vehicle were cut twice, all because of political opinion).[4]

dispositive if the BIA chiefly focuses on other problems with the application).

[4]In her asylum application, Perez indicated that her brother and two of her nephews who were in the army experienced problems with the FARC; but, she provided no evidence that their incidents with the FARC were related to her own encounters with the FARC.

And the record does not compel the conclusion that Perez demonstrated a well-founded fear of future persecution if she returns to Colombia, especially in the light of her several-year absence from the country. In addition, she still has family members living in Colombia, and she provided no indication that other members of Atardecer were ever harmed or have been harmed by the FARC since she left Colombia. See Ruiz v. U.S. Attorney Gen., 440 F.3d 1247, 1258 (11th Cir. 2006) (a well-founded fear of persecution can be established by "specific, detailed facts showing a good reason to fear that [the alien] will be singled out for persecution" because of a protected ground) (emphasis added).

Substantial evidence supports the BIA's decision that Perez was unentitled to asylum; and we are not compelled to reverse the BIA's decision. Because we conclude that Perez did not meet her burden of establishing her eligibility for asylum, she also has failed to meet the more difficult standards for withholding of removal. See Forgue, 401 F.3d at 1288 n.4. We deny Perez's petition for review.[5]

PETITION DENIED.

---

[5]On appeal, Perez raises several potential problems with the IJ's decision. But the BIA issued its own separate order, and we consider only that order on appeal. See Al Najjar, 257 F.3d at 1284.

6